**Gertrude CHESLEY and Eleanor Filla, Plaintiffs-Appellants,**

v.

**Hattie KROTCHEN, Defendant-Respondent.**

**No. 33070.**

St. Louis Court of Appeals.

Missouri.

Feb. 3, 1969.

Arthur Kreisman, St. Louis, Thurman, Nixon, Smith & Howald, Hillsboro, Gregory O'Shea, St. Louis, for plaintiffs-appellants.

Benson Cytron, House Springs, for defendant-respondent.

SAMUEL E. SEMPLE, Special Judge.

This is a suit brought for partition of real estate by plaintiffs claiming ownership of an undivided one-half interest therein. Defendant, the owner of the other undivided one-half interest in the property, filed an answer and counterclaim to the petition. The trial court found in its judgment that plaintiffs' title to an undivided one-half interest in the property was subject to judgment liens in favor of the defendant. The court ordered that plaintiffs, in order to clear their title to the property, should pay the sum of $6,516.88 to discharge the judgment liens. The court further ordered that in the event the liens were not satisfied by plaintiffs that the undivided one-half interest claimed by plaintiffs was to be sold and the proceeds of the sale applied to payment of the judgment liens. Plaintiffs appeal from the judgment entered by the court.

Defendant (respondent) has moved for dismissal of the appeal on the ground that plaintiffs have failed to comply with Civil Rule 83.05(c), V.A.M.R., in that plaintiffs' (appellants') brief does not contain a fair and concise statement of facts. Although the statement of facts in plaintiffs' brief is somewhat deficient in the respects charged, in the exercise of our dis-

cretion we decline to dismiss the appeal and proceed to examine plaintiffs' assignments of error.

Plaintiffs in their amended petition allege that they were the owners of an undivided one-half interest in a house and lot located in Jefferson County, Missouri, and that the defendant was the owner of the other undivided one-half interest in said real estate. The petition asked for partition of the property. Defendant filed an answer consisting of a general denial and a counterclaim. The counterclaim alleged that defendant obtained judgments for alimony in gross, alimony pending appeal and for attorney's fees totaling $11,500 against one Frank Krotchen. That on May 25, 1964, pursuant to an execution issued, the undivided one-half interest in the property here in question, then owned by one Frank Krotchen, was sold by the Sheriff of Jefferson County to plaintiffs, who were the sister and niece of Frank Krotchen, and the proceeds of the sale after payment of the costs incurred were applied as partial satisfaction of the aforesaid judgments. The counterclaim alleged that the consideration paid at the sale for the purchase of the one-half interest in the property was in fact paid by Frank Krotchen or was paid from funds given by Frank Krotchen to the plaintiffs for the purpose of hindering, delaying and defrauding his creditors and particularly this defendant. The defendant prayed for a finding that plaintiffs were not the true owners of any interest in the property. That the interest in said property was conveyed to plaintiffs for purpose of hindering, delaying and defrauding the creditors of Frank Krotchen and particularly this defendant. That the interest of plaintiffs in the property be made subject to the lien of the defendant's judgments and that the judgment liens be ordered foreclosed and that the interest of plaintiffs in the property be sold subject to the liens of judgment.

The cause was tried before the Court. Plaintiffs presented evidence that defendant herein was the wife of one Frank Krotchen and they were divorced on September 25, 1963. That they owned the house and lot here in question in both their names as husband and wife. A Sheriff's Deed was admitted in evidence which showed that on May 25, 1964, pursuant to an execution issued by Hattie Krotchen (a judgment creditor and defendant herein), the sheriff sold under order of court all right, title and interest of Frank Krotchen in the property of Gertrude Chesley and Eleanor Filla for the sum of $5,300.

Defendant presented evidence that plaintiff Gertrude Chesley was the niece of Frank Krotchen and plaintiff Eleanor Filla was the sister of Frank Krotchen and the mother of plaintiff Gertrude Chesley. The defendant introduced a number of exhibits of records of banks and savings and loan associations which showed in substance that at the time of the Krotchen divorce on September 25, 1963, Frank Krotchen owned and possessed two checks in the amounts of $9,238.19 and $9,219.35. That on October 1, 1963, these two checks were cashed at the Security Trust Company after being endorsed by Frank Krotchen and his attorney Arthur Kreisman. That two cashier's checks were issued by the Security Trust Company on the same date to Arthur Kreisman in the amounts of $9,238.19 and $9,219.35. On the same date, the cashier's check in the amount of $9,219.35, endorsed by Arthur Kreisman and Frank Krotchen was deposited in the Roosevelt Savings and Loan Association in an account opened in the Roosevelt Savings and Loan Association in the name of Frank J. Krotchen and Gertrude J. Chesley. That on October 3, 1963, the cashier's check in the amount of $9,238.19 was endorsed by Arthur Kreisman and Frank J. Krotchen for deposit only to Cass Bank and Trust Company to the credit of the Pulaski Savings and Loan Association. On the same date a savings deposit slip of the Pulaski Savings and Loan Association was issued in the name of "Frank J. Krotchen Tr. for Mrs. Gertrude J. Chesley c/o Mr. Arthur J. Kreisman Atty." in amount of $7,000. The deposit slip showed a check received

in the sum of $9,238.19 with a deposit of $7,000 and a notation "ex. check $2,238.19." That on the 26th of May, 1964, (the day after the execution sale by the sheriff to plaintiffs) Gertrude Chesley procured from the Roosevelt Savings and Loan Association a check for $5,300 on a loan against the account in the name of Frank Krotchen and Gertrude Chesley. This check bore the endorsement of Gertrude J. Chesley and Arthur Kreisman and printed under the signature of Arthur Kreisman "Arthur Friedman." This check bore the stamp of the Security Trust Company and the notation "Cashier's check issued." That a cashier's check dated May 27, 1964, was issued by the Security Trust Company payable to the Sheriff of Jefferson County, Missouri, in the sum of $5,300 showing "Remitter—Arthur Kreisman." The defendant also put on evidence that Frank Krotchen died on June 19, 1964.

The trial court after making specific findings of fact found in substance that the title to the one-half interest in the property claimed by plaintiffs was fraudulently induced in that the consideration paid therefor was in fact paid by Frank Krotchen for the purpose of hindering, delaying and defrauding his creditors and in particular this defendant Hattie Krotchen. The court further found that the lien of the judgments in favor of defendant and against Frank Krotchen are superior to the claim of an undivided one-half interest vested in the plaintiffs.

Plaintiffs assign as error that defendant failed to present evidence to sustain the finding by the court. Plaintiffs argue that defendant's theory was that the funds for the purchase of the one-half interest in the property at execution sale were furnished by Frank Krotchen and although title was taken by plaintiffs a resulting trust was established in favor of Frank Krotchen. Plaintiffs then argue that defendant had the burden to establish such a resulting trust by clear, cogent and convincing evidence. Citing: Adams v. Adams, 348 Mo. 1041, 156 S.W.2d 610; Ellis v. Williams,

Mo., 312 S.W.2d 97; Dougherty v. Duckworth, Mo., 388 S.W.2d 870. Plaintiffs apparently misconceive the theory of defendant's action on the counterclaim. Defendant's action is one involving a fraudulent conveyance made or contrived with the intent to hinder, delay or defraud creditors. Section 428.020, RSMo 1959, V.A.M.S.; Stierlin v. Teschemacher, 333 Mo. 1208, 64 S.W.2d 647, l.c. 653, 91 A.L.R. 121.

Fraud is never to be presumed when the transaction may be fairly reconciled with honesty, and the burden is on the person attacking the conveyance as fraudulent to establish it, and the difficulty of proving fraud cannot in any way affect the necessity of proving it. Twedell v. Treasure, Mo.App., 44 S.W.2d 216, l.c. 227; 37 C.J.S. Fraudulent Conveyances § 382, p. 1209. In reviewing an action in equity an appellate court will make its own findings and reach its own conclusions and where proper will defer to the findings of the trial court. McFarland v. George, Mo.App., 316 S.W.2d 662, 665.

The plaintiffs argue that no evidence was presented of the contents of the divorce decree granting a divorce to defendant and hence no evidence that defendant obtained any judgments and was a judgment creditor of Frank Krotchen. Plaintiffs argue that defendant presented no evidence that the real estate purchased by plaintiffs was purchased with money furnished by Frank Krotchen. Plaintiffs argue that the evidence as to Frank Krotchen's transactions with banks and savings and loan associations and that the mere fact that the plaintiffs' attorney was also the attorney for Frank Krotchen in the divorce case is only coincidental and that such evidence failed to establish the ultimate fact that Frank Krotchen had furnished the money for plaintiffs to purchase the one-half interest in the property at the execution sale. Plaintiffs further argue that the various checks issued were not explained nor their purpose shown and in ef-

fect argue that the evidence presented failed to establish that Frank Krotchen had provided the money with which plaintiffs purchased the interest in the property.

We do not think plaintiffs' contentions are well taken. The question of whether defendant, Hattie Krotchen, was a judgment creditor of Frank Krotchen at the time of the execution sale on May 25, 1964, was not an issue in the case because it was admitted as a fact by the pleadings. Plaintiffs admitted in their answer to defendant's counterclaim the allegations of paragraph one of the counterclaim which set out that defendant had judgments totaling over $11,000 against Frank Krotchen. The Sheriff's Deed to plaintiffs as a result of the execution sale which was put in evidence by plaintiffs by stipulation of the parties is also evidence that defendant was on May 25, 1964, a judgment creditor of Frank Krotchen. The defendant's evidence further warranted findings to the following effect: Frank Krotchen at the time of a divorce on September 25, 1963, granted to his wife, defendant herein, possessed two checks in the amounts of $9,238.19 and $9,219.35 respectively. That after the divorce and entry of judgments against him in favor of Hattie Krotchen, defendant herein, Frank Krotchen used these two checks to obtain cashier's checks issued payable to his attorney, who also is attorney for the plaintiffs in this suit. These two checks were used to establish two savings accounts, one in the Roosevelt Federal Savings and Loan Association in the name of Frank Krotchen and his niece Gertrude J. Chesley, one of the plaintiffs herein, in the sum of $9,219.35, and the other in the Pulaski Savings and Loan Association in the name of Frank Krotchen, trustee for Gertrude J. Chesley, plaintiff herein, in the sum of $7,000. These savings accounts were set up in early October, 1963. On May 25, 1964, an execution sale was held by which the Sheriff of Jefferson County sold the undivided one-half interest of Frank Krotchen in the property. The deed to said interest was made to Gertrude Chesley and her mother, Eleanor Filla,

niece and sister respectively of Frank Krotchen, and plaintiffs in this action. The consideration of $5,300 paid for the property was paid out of the funds in the savings account in Roosevelt Savings and Loan Association by Gertrude J. Chesley and this check was used by Krotchen's attorney to obtain a cashier's check payable to the Sheriff of Jefferson County. We think and hold that there was substantial evidence to establish that Frank J. Krotchen's funds were used to purchase the one-half undivided interest in the property in the names of plaintiffs herein and that no part of the consideration was paid by plaintiffs. That the actions of Frank Krotchen and the plaintiffs herein in purchasing Krotchen's interest in the property by using Krotchen's money and taking title in names of these plaintiffs was made with the intent to hinder and defraud this defendant, a judgment creditor of Krotchen.

■ Plaintiffs also complain that the trial court erroneously found that its findings of fact were in direct contradiction of the sworn testimony of plaintiff Gertrude Chesley and attorney Arthur Kreisman plus the finding that the court was induced, in error, to enter its prior order upon the sworn testimony of plaintiff Gertrude Chesley and attorney Arthur Kreisman. Plaintiffs argue that there is no evidence to support these findings.

Plaintiffs fail to point out and we fail to see how such findings even if not supported by any evidence or reasonable inferences therefrom would constitute error which would require a change or modification in the order and judgment of the trial court. As previously stated herein in reviewing an action in equity an appellate court will make its own findings and reach its own conclusions and where proper will defer to the findings of the trial court. McFarland v. George, supra. It is concluded that such findings of the trial court whether supported by evidence or not is not essential to the finding of essential facts in this case and the relief granted upon such findings.

The relief granted by the trial court was supported by substantial evidence and the order and judgment is in proper form. Stierlin v. Teschemacher, 333 Mo. 1208, 64 S.W.2d 647, l.c. 654.

The judgment is affirmed.

ANDERSON, P. J., and BRUCE NORMILE, Special Judge, concur.